NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES BENJAMIN BARSTAD, | No. 15-35862 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00523-BJR |
| v. | |
| EARL X WRIGHT, Director of Prisons Command B; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Washington state prisoner James Benjamin Barstad appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of the First Amendment and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA").  We have jurisdiction under 28 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants on Barstad's access-to-courts claim because Barstad failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment for defendants on Barstad's free exercise claim because Barstad failed to raise a genuine dispute of material fact as to whether the initial rejection of outgoing mail containing pre-franked envelopes, two incoming pieces of mail with noncompliant return address information, and an incoming package of oils, herbs, and stones was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests").

The district court properly granted summary judgment for defendants on Barstad's RLUIPA claim based on the same mail rejections because Barstad failed to meet his initial burden to demonstrate that the rejections constituted a substantial burden on the exercise of his religious beliefs. *See Warsoldier v. Woodford*, 418

F.3d 989, 994, 996 (9th Cir. 2005) (prisoner has initial burden to demonstrate that prison policies "constitute a substantial burden on the exercise of his religious beliefs" and prison policy imposes substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs").

The district court properly granted summary judgment for defendants on Barstad's free speech claim because Barstad failed to raise a genuine dispute of material fact as to whether: (1) the regulation of his incoming mail was not reasonably related to the prison's legitimate penological interests in prison safety and security; (2) the regulation of his outgoing mail did not further a substantial governmental interest in prison safety and security; or (3) the interruption of his prisoner orientation presentation and decision to disallow his participation in future orientations interfered with legitimate penological objectives. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-19 (1989) (setting forth factors for evaluating claim regarding regulation of incoming mail); *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating claim regarding regulation of outgoing mail), *overruled on other grounds by Thornburgh*, 490 U.S. 401; *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129-32 (1977) (setting forth standards regarding regulation of expressive or associational conduct).

The district court properly granted summary judgment for defendants on Barstad's retaliation claim because Barstad failed to raise a genuine dispute of

material fact as to whether defendants retaliated against him because of his complaints about mail rejections or whether the adverse conduct was not reasonably related to a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We reject as without merit Barstad's contentions regarding the district court's denial of his motion to compel joinder and Barstad's "jurisdictional concerns" set forth in his opening and reply briefs.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

**AFFIRMED.**